UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

```
_____
                                    )
STEVEN SANTANELLI,                  )
          Plaintiff,                )
                                    )
     v.                             )   C.A. No. 11-0245-S
                                    )
REMINGTON ARMS COMPANY, INC.,       )
alias, and/or DOE CORPORATION,      )
and/or JANE DOE, alias,             )
individually or as agents of        )
REMINGTON ARMS COMPANY and/or       )
DOE CORPORATION, alias,             )
          Defendant.                )
_____)
```

**OPINION AND ORDER**

William E. Smith, United States District Judge.

On June 10, 2011, Plaintiff Steven Santanelli filed this action alleging personal injury and strict products liability against Defendant Remington Arms Company, LLC (formerly known as Remington Arms Company, Inc.) ("Remington") for injuries suffered when his rifle, with its safety mechanism engaged, unexpectedly discharged on October 27, 2003. Remington moves to dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that Santanelli's Complaint is time-barred. For the reasons set forth below, Remington's motion is GRANTED.

I.   Background

In ruling on a motion to dismiss, the Court recounts the facts as they appear on the face of the Complaint.   See Santana-Castro v. Toledo-Davila, 579 F.3d 109, 111 (1st Cir. 2009).   On October 27, 2003, Santanelli went hunting with his Remington rifle.   Santanelli loaded his rifle with live ammunition and engaged the rifle's safety mechanism.   The rifle unexpectedly discharged while pointed toward the ground, resulting in injury to Santanelli.

On June 10, 2011, Santanelli filed this action in Rhode Island Superior Court, and thereafter, Remington timely removed it to this Court.

II.  Discussion

"Affirmative defenses, such as the statute of limitations, may be raised in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), provided that the facts establishing the defense are clear on the face of the plaintiff's pleadings."   Id. at 113-14 (internal citation, quotation marks, and alterations omitted).   "Where the dates included in the complaint show that the limitations period has been exceeded and the complaint fails to 'sketch a factual predicate' that would warrant the application of either a different statute of limitations period or equitable estoppel, dismissal is

appropriate." Id. at 114 (quoting Trans-Spec Truck Serv., Inc. v. Caterpillar, Inc., 542 F.3d 315, 320 (1st Cir. 2008)).

A.   Applicable Statute of Limitations

At the hearing on this motion, Santanelli conceded that the statute of limitations is three years for personal injuries.[1] Even though Santanelli's Complaint alleges personal injury and strict products liability, it is clear under Rhode Island law that "all actions containing a common element, . . . injury to the person, [are] subjected to the same period of limitation." Pirri v. Toledo Scale Corp., 619 A.2d 429, 431 (R.I. 1993) (quoting Commerce Oil Refining Corp. v. Miner, 199 A.2d 606, 608 (R.I. 1964) (alteration omitted)). Since the common element in this action is an injury to Santanelli's person, the applicable statute of limitations is three years under R.I. Gen. Laws § 9-1-14(b).

B.   Discovery Rule

Santanelli argues that the discovery rule tolls the statute of limitations because the limitations period in a product liability case begins to run when the plaintiff discovers the manufacturer's wrongful conduct. Santanelli says that he became aware of Remington's wrongful conduct on November 25, 2010, when he watched a CNBC News report about a defect in the same type of

---

[1]   In his opposition, Santanelli had argued that the appropriate statute of limitations was ten years under R.I. Gen. Laws § 9-1-13(a), and not three years under § 9-1-14(b).

rifle he was using the day of his accident and that, therefore, his claim accrued on that date, not October 27, 2003. (Pl's. Obj. Def's. Mot. Dismiss 1, ECF No. 11.)  Remington counters that the statute of limitations begins to run on the date of the injury and that the application of the discovery rule is not warranted in this action.

Under Rhode Island's discovery rule, "the statute of limitations does not commence until the plaintiff discovers or, in the exercise of reasonable diligence, should have discovered, that he has sustained an injury." Wilkinson v. Harrington, 243 A.2d 745, 751 (R.I. 1968) (emphasis added).  The principle underlying this rule is that a plaintiff should not be held aware of injuries suffered from a defendant's negligent conduct when the plaintiff could not have been aware of that conduct when it occurred.  Id. at 752.  Generally, a traumatic injury provides some notice of a possible action, even where the entire legal theory or factual scenario is not immediately apparent. Benner v. J.H. Lynch & Sons, Inc., 641 A.2d 332, 336 (R.I. 1994).  The discovery rule does not encompass the discovery of the "identity of the party allegedly responsible for causing the injury." Renaud v. Sigma-Aldrich Corp., 662 A.2d 711, 715 (R.I. 1995).

In Rhode Island, the discovery rule has been extended to toll the statute of limitations in three distinct situations:

strict products liability for damage to personal property, actions for damage to real property, and strict products liability against drug manufacturers. See Benner, 641 A.2d at 337 (citing Romano v. Westinghouse Elec. Co., 336 A.2d 555 (R.I. 1975); Lee v. Morin, 469 A.2d 358 (R.I. 1983); Anthony v. Abbott Labs., 490 A.2d 43 (R.I. 1985)). Santanelli relies primarily on the last of the three situations as the basis for his argument.

In Anthony, the Rhode Island Supreme Court extended the discovery rule to drug manufacturers

> in a drug product-liability action where the manifestation of an injury, the cause of that injury, and the person's knowledge of the wrongdoing by the manufacturer occur at different points in time, the running of the statute of limitations would begin when the person discovers, or with reasonable diligence should have discovered, the wrongful conduct of the manufacturer.

490 A.2d at 46. This extension is grounded in the notion that "adverse effects of the ingestion of a drug take several years and possibly a generation to manifest themselves." Id. at 45. However, this Court has noted that the reach of Anthony is limited to drug product liability cases and inapplicable to general product liability or personal injury cases. See Naples v. Acer Am. Corp., 970 F. Supp. 89, 97 (D.R.I. 1997); see also Renaud, 662 A.2d at 716 (noting that Anthony applies only to drug product liability actions).

5

Santanelli's claim, regardless of any alleged wrongdoing by Remington, is a paradigm personal injury case with a readily and immediately apparent injury from a cause that could have been uncovered with reasonable diligence.   The Rhode Island discovery rule has no appropriate application under these circumstances, and accordingly, the statute of limitations expired three years after the date of Santanelli's 2003 injury.

III. Conclusion

Based on the foregoing, Remington's motion to dismiss is GRANTED and Santanelli's Complaint is DISMISSED with PREJUDICE.

IT IS SO ORDERED.


*/s/ William E. Smith*
William E. Smith
United States District Judge
Date: November 29, 2011